UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD G. PHARO, et al., | Case No. 26-cv-01262-JST |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION TO STAY** |
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, | Re: ECF No. 8 |
| Defendant. | |

Before the Court are a motion to dismiss or stay and a motion to strike brought by Defendant Fidelity National Title Insurance Company ("FNTIC"). ECF No. 8. The Court will grant the motion to stay and defer ruling on FNTIC's remaining arguments until after the stay has been lifted.

Plaintiffs Richard G. Pharo, II and Eileen T. McKenzie, co-trustees of a revocable trust, purchased real property on May 23, 2022, with the intent to subdivide and resell it. They purchased title insurance from FNTIC as part of that transaction. In March 2024, they learned of a title defect and initiated a claim with FNTIC, which confirmed coverage on July 15, 2024.

Plaintiffs allege that FNTIC assigned multiple representatives to work on the claim and generally took no action until it filed a quiet title action on Plaintiffs' behalf on December 29, 2025. The following day, Plaintiffs filed this case in state court. FNTIC subsequently removed the case to this Court, which has diversity jurisdiction under 28 U.S.C. § 1332.

The insurance policy at issue includes the following provision:

> 8. LIMITATION OF LIABILITY
>
> . . .
> (b) In the event of any litigation, including litigation by the Company or with the Company's consent, the Company shall have

United States District Court
Northern District of California

> no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals therefrom, adverse to the title, or, if applicable, to the lien of the insured mortgage, as insured.

ECF No. 9 at 56.  For the reasons discussed below, the Court agrees with FNTIC that this provision requires the Court to stay this case pending resolution of the quiet title action.

Plaintiffs allege that they "suffered losses *due to the defect on title to the Property* for funds expended, debt incurred, interest on debt, losses and expenses incurred due to delay in construction of improvements, lost rent, and other losses for which the Policy provided covered." Compl. ¶ 39 (emphasis added).[1]  Similarly, they allege that "defect in title to the Property remains and has not been cured, and Plaintiffs continue to accrue losses covered under the Policy *as a result of said defect in title of the Property*," *id.* ¶ 41 (emphasis added), and that FNTIC is liable to them in part because it "failed to pay Plaintiffs' Claim for losses suffered *due to the defect in the title of the Property* and for which coverage is provided," *id.* ¶ 55 (emphasis added).  Thus, contrary to the position taken by Plaintiffs in opposing FNTIC's motion, FNTIC's potential liability in this case depends at least in part on the outcome of the quiet title action.

*Sundet v. Chicago Title Insurance Company*, No. C22-0341-JCC, 2022 WL 2651614 (W.D. Wash. July 8, 2022), is persuasive.  Both the underlying facts and the limitation of liability provision are virtually identical to this case:

> In August 2021, Plaintiff Kyle Sundet purchased a property in Tacoma for which he procured title insurance from Defendant Chicago Title Insurance Company.  After closing sale, Plaintiff learned of an undisclosed title encumbrance and submitted a written claim to Defendant.  Defendant confirmed coverage and secured counsel to represent Plaintiff in resolving the title issue.  In November 2021, this counsel filed suit in Pierce County Superior Court on Plaintiff's behalf asserting causes of action for rescission of the breached purchase agreement, breach of statutory warranty deed, and fraud and intentional misrepresentation.  Plaintiff, dissatisfied with Defendant's actions in resolving his demand, filed suit with this Court, seeking timely relief for the escalating costs of maintaining the encumbered property while the Pierce County suit plays out.  As a result, in the instant suit, Plaintiff alleges the following acts by Defendant: breach of contract, violation of Washington's Insurance Fair Conduct and Consumer Protection Acts, and insurance bad faith.

---

[1] The complaint was filed as an attachment to the notice of removal.  ECF No. 1-1 at 5–18.

2

. . .

> Defendant claims litigating this case presently constitutes "premature adjudication." It points to Paragraph 9(b) of the insurance policy's conditions, which state that "In the event of any litigation, including litigation by the Company or with the Company's consent, the Company shall have no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals, adverse to the Title, as insured." This express language, which binds both parties, necessitates a stay of this case until there has been a final determination in the underlying lawsuit. While Plaintiff claims that this suit is a cost recovery action and does not attempt to cure title, one of the causes of action of the underlying suit is for breach of statutory warranty deed. Therefore, the underlying lawsuit falls within the express language of Paragraph 9(b), and pursuant to the parties' agreement, the present suit must be stayed until the underlying suit's adjudication. Furthermore, resolving the underlying case will clarify Defendant's liability and obligations. For example, to succeed on his bad faith claim, Plaintiff must demonstrate a "duty, breach of that duty, and damages proximately caused by any breach of duty." Plaintiff cannot prevail if he is unable to demonstrate what damages Defendant's alleged breach caused.

*Id.* at *1 (citations omitted).

Plaintiffs have cited no case where a court has considered a provision similar to Section 8(b) and determined that the case should proceed simultaneously with the underlying state court action. Many of the cases relied on by Plaintiffs do not mention any similar policy provisions. *E.g.*, *Sodexo Mgmt., Inc. v. Old Republic Ins. Co.*, No. 20-cv-1517-WQH-BGS, 2021 WL 254240 (S.D. Cal. Jan. 26, 2021); *Feduniak v. Old Republic Nat'l Title Co.*, No. 13-cv-02060-BLF, 2014 WL 6603253, at *3 (N.D. Cal. Nov. 20, 2014); *Jarchow v. Transamerica Title Ins. Co.*, 48 Cal. App. 3d 917 (1975), *overruled on other grounds by Soto v. Royal Globe Ins. Corp.*, 184 Cal. App. 3d 420 (1986). One case does discuss such a provision, but the parties in that case agreed "to abate the case, giving [the insurance company] an opportunity to cure the title defects"—the same result FNTIC seeks here. *Premier Tierra Holdings, Inc. v. Ticor Title Ins. Co. of Fla.*, No. 4:09-CV-02872, 2011 WL 2313206, at *1, *4 (S.D. Tex. June 9, 2011). That case further supports a stay of this case because the court concluded that the provision "precludes any claim for losses that occurred while the lawsuit [which cured one of the title defects] was pending." *Id.* at *7. Thus, even if Plaintiffs were to prevail on liability against FNTIC, the amount of damages cannot be known while the underlying quiet title action remains pending.

For the above reasons, the Court stays this case pending the resolution, including disposition of any appeals, of the underlying action to quiet title.  The Court declines to rule on FNTIC's remaining arguments until after the stay has been lifted.

The Clerk shall administratively close the file.  This order shall not be considered a dismissal or disposition of this action against any party.  If further proceedings become necessary, any party may initiate them in the same manner as if this order had not been entered.

**IT IS SO ORDERED.**

Dated:  May 18, 2026



_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

4